B25A (Official Form 25A) (12/08)

Thomas B. Walper (CA Bar No. 096667)
Bernard A. Eskandari (CA Bar No. 244395)
M. Lance Jasper (CA Bar No. 244516)
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, California 90071-1560
Telephone:    (213) 452-5593
Facsimile:    (213) 687-3702
Email:        thomas.walper@mto.com
              bernard.eskandari@mto.com
              lance.jasper@mto.com

Proposed *Pro Bono* Bankruptcy Counsel for
Debtor and Debtor-in-Possession

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>THE PASADENA PLAYHOUSE STATE THEATRE OF CALIFORNIA, INC., a California nonprofit public benefit corporation,<br><br>            Debtor and Debtor-in-Possession. | Case No. 2:10-bk-28586-TD<br><br>Chapter 11<br><br>**SMALL BUSINESS CASE UNDER FRBP 1020**<br><br>**SECOND AMENDED PLAN OF REORGANIZATION**<br><br>**Hearing**<br>Date:   July 7, 2010<br>Time:  3:00 p.m.<br>Place:  Courtroom 1345<br>          255 East Temple Street<br>          Los Angeles, California 90012 |

10692721.4

B25A (Official Form 25A) (12/08) - Cont.    2

# ARTICLE I
# SUMMARY

This First Amended Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to satisfy creditors of The Pasadena Playhouse State Theatre of California, Inc., a California nonprofit public benefit corporation ("Pasadena Playhouse," "Playhouse," or "Debtor") principally from the generous donations from supporters of the arts and theater within the local community.  The Plan provides that secured claims will be satisfied in full, receive a return of their collateral, or enter into an amended agreement with the Debtor.  The Plan further provides that the Debtor will continue to use the Playhouse theater for theatrical productions under a sublease with the City of Pasadena, and that the Debtor will honor its obligations to the Playhouse subscription holders in full.  Due to the Debtor's limited assets, the size of the administrative and priority claims in this case, and the relative rights of creditors under the Code, the class of general unsecured claims will not receive a distribution under this Plan.  As a nonprofit public benefit corporation, the Debtor does not have equity holders.

All creditors should refer to Articles II through VI of this Plan for information regarding the precise treatment of their claim(s).  A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors has been circulated with this Plan.  **Your rights may be affected.  You should read these papers carefully and discuss them with your attorney.  (If you do not have an attorney, you may wish to consult one.)**

# ARTICLE II
# CLASSIFICATION OF CLAIMS AND INTERESTS

| | | |
|---|---|---|
| 2.01 | Class 1. | All claims of creditors to the extent allowed as secured claims under § 506 of the Code and for which the Debtor has elected to surrender the property securing such claims to the creditor. |
| 2.02 | Class 2. | All claims of creditors to the extent allowed as secured claims under § 506 of the Code and for which the Debtor has not elected to surrender the property securing such claims to the creditor and the creditor has agreed to treatment under a new loan or lease agreement. |
| 2.03 | Class 3. | All allowed claims entitled to priority under § 507 of the Code (except administrative expense claims under § 507(a)(2) and priority tax claims under § 507(a)(8) and Season Subscription Claims that are not treated under Class 4). |
| 2.04 | Class 4. | Convenience Season Subscription Claims. |
| 2.05 | Class 5. | Pasadena Sublease. |

10692721.4

**B25A (Official Form 25A) (12/08) - Cont.** 3

    2.06    <u>Class 6</u>.    General Unsecured Claims.

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, PRIORITY TAX CLAIMS, AND OTHER UNCLASSIFIED CLAIMS

    3.01    <u>Unclassified Claims</u>.  Under § 1123(a)(1) of the Code, administrative expense claims and priority tax claims are not in classes.  This Plan also does not classify Season Subscription Claims and United States Trustee Fees, which are treated as set forth below under 3.04 and 3.05.

    3.02    <u>Administrative Expense Claims</u>.  Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the Effective Date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

    3.03    <u>Priority Tax Claims</u>.  Each holder of a priority tax claim will be paid consistent with § 1129(a)(9)(C) of the Code.

    3.04    <u>Unclassified Season Subscription Claims</u>.  Each holder of a claim arising from the purchase of a Season Subscription shall have its rights honored through the receipt of tickets over time to theatrical performances pursuant to the terms of the Season Subscription.  The terms of the Season Subscription provide, among other things, that the ticket is non-refundable and that the plays, dates and artists are subject to change.  Holders of Season Subscription Claims may elect instead to be classified in Class 4(a) or (b) and receive the treatment described below in Article IV.

    3.05    <u>Unclassified United States Trustee Fees</u>.  All fees required to be paid by 28 U.S.C. § 1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed or converted to another chapter of the Code.  Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

B25A (Official Form 25A) (12/08) - Cont.    4

# ARTICLE IV
# TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01    <u>Treatment</u>.  Claims and interests shall be treated as follows under this Plan:

| Class | Impairment and Voting | Treatment |
|---|---|---|
| Class 1 - Secured Claims | Unimpaired, Not Entitled to Vote | Class 1 is unimpaired by this Plan, and each holder of a Class 1 Claim shall receive either a return of the property securing the holder's claim or the holder's rights shall otherwise not be altered under the Plan. |
| Class 2 - Secured Claims | Impaired, Entitled to Vote | Class 2 is impaired by this Plan, and each holder of a Class 2 Claim shall receive a newly negotiated loan or lease agreement, which shall be filed with the Court within fifteen days of the date first set for the confirmation hearing. |
| Class 3 - Priority Claims under §§ 507(a)(1), (4), (5), or (6) | Unimpaired, Not Entitled to Vote | Class 3 is unimpaired by this Plan, and each holder of a Class 3 Priority Claim will be paid in full, in cash, upon the later of the Effective Date of this Plan as defined in Article VII, or the date on which such claim is allowed by a final non-appealable order. |
| Class 4(a) - Season Subscription Claims Performance Election Class (Convenience) | Impaired, Entitled to Vote | Class 4(a) is impaired.  Each holder of a Season Subscription that entitles the holder to a ticket to three or more performances at the Playhouse theater that elects treatment under Class 4(a) shall, on the Effective Date, receive, in full and complete satisfaction of the holder's Season Subscription Claim, one ticket to each of the next two performances at the Playhouse theater for each Season Subscription Claim. |
| Class 4(b) – Season Subscription Claims Contribution Election Class (Convenience) | Impaired, Entitled to Vote | Class 4(b) is impaired.  Each holder of a Season Subscription Claim that elects treatment under Class 4(b) shall, on the Effective Date, be deemed to contribute the value of the Season Subscription Claim to the reorganized Debtor and will receive a letter acknowledging that contribution. |

10692721.4

B25A (Official Form 25A) (12/08) - Cont.                                                                 5

| Class 5 - Pasadena Sublease | Impaired, Entitled to Vote | Class 5 is impaired by this Plan. On the Effective Date, the Pasadena Sublease shall commence on the terms set forth in Exhibit __. In the event the Court determines that the treatment of the Class 5 Claim is not consistent with the Bankruptcy Code or the holder of the Class 5 Claim does not vote to accept the treatment under this Class 5 of this Plan, the Debtor shall assume the Pasadena Sublease in accordance with this Plan. |
|---|---|---|
| Class 6 - General Unsecured Creditors | Impaired, Not Entitled to Vote | Class 6 is impaired and shall receive no distributions under this Plan. Class 6 is deemed to reject this Plan. |

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01    Disputed Claim.  A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order and as to which either (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection, or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent or unliquidated.

5.02    Delay of Distribution on a Disputed Claim.  No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03    Settlement of Disputed Claims.  The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01    Assumed Executory Contracts and Unexpired Leases.

(a)    The Debtor shall assume certain executory contracts and unexpired leases pursuant to a schedule which shall be filed with the Court within fifteen days of the first date set for hearing on confirmation of this Plan.

(b)    The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, upon the date of the entry of the order confirming this Plan. A proof of a claim arising from the rejection of an executory contract or unexpired lease

10692721.4

B25A (Official Form 25A) (12/08) - Cont.                                                                                                          6

under this section must be filed no later than thirty days after the date of entry of an order confirming this Plan.

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

7.01  Implementation.  The Debtor has obtained commitments in significant amounts for post-emergence operations.  These amounts are sufficient to underwrite the operations of the reorganized Debtor pursuant to the detailed budget set forth in the Disclosure Statement accompanying this Plan.  That budget provides for the Debtor to resume theatrical performances at the Playhouse as practicable and fiscally prudent.  The Debtor will honor its obligations to holders of a Season Subscription through tickets to these post-emergence productions.  Please refer to the Disclosure Statement for further detail on the reorganized Debtor's operations, management and business plan.  All assets of the Debtor shall revest in the reorganized Debtor on the Effective Date.

## ARTICLE VIII
## BAR DATE

8.01  Deadline to File Proof of Claim.  Except to the extent set forth in Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure, the deadline for any entity to file a proof of claim, including claims arising under section 6.01(b) of this Plan, shall be no later than thirty days after the date of entry of an order confirming this Plan.

## ARTICLE IX
## GENERAL PROVISIONS

9.01  Definitions and Rules of Construction.  The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:

"Disclosure Statement" means the Disclosure Statement circulated with this Plan.

"Exculpated Parties" means, collectively, the Debtor and its estate and the Related Persons of each of their respective officers, directors or employees.

"General Unsecured Claim" shall mean a claim arising before the commencement of the case that is not a secured claim, a Season Subscription Claim, a claim arising from the Pasadena Sublease or a claim entitled to priority under § 507 of the Code.

"Pasadena Sublease" means that certain sublease between the Debtor and the City of Pasadena that grants possession and use of the Pasadena Playhouse, among other things, to the Debtor.

10692721.4

**B25A (Official Form 25A) (12/08) - Cont.**                                                                                                                     7

"Related Persons" means, with respect to any person, such person's predecessors, successors, assigns and present and former affiliates (whether by operation of law or otherwise) and subsidiaries, and each of their respective current and former officers, directors, principals, employees, shareholders, members (including *ex officio* members), partners, agents, financial advisors, attorneys, accountants, investment bankers, investment advisors, consultants, representatives and other professionals, in each case acting in such capacity on or any time after the petition date, and any person claiming by or through any of them.

"Season Subscription Claim" means a claim arising from the purchase of one or more Season Subscriptions, as set forth in Schedule E to the Debtor's chapter 11 bankruptcy petition.

"Season Subscription" means the purchase of one ticket to a particular number of performances at the Pasadena Playhouse under the terms and conditions of the subscription agreement.

9.02    Effective Date of Plan. The effective date of this Plan is the fifteenth day following the date of the entry of the order of confirmation (the "Effective Date").  But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

9.03    Severability.  If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

9.04    Binding Effect.  The rights and obligations of any entity named or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity.

9.05    Captions.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

9.06    Controlling Effect.  Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of California govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan or the relevant agreement, document, or instrument.

9.07    Corporate Governance. Amended articles and bylaws will be filed with the Court within fifteen days of the first date set for hearing on confirmation of this Plan.

10692721.4

B25A (Official Form 25A) (12/08) - Cont.                                                                                                8

## ARTICLE X
## DISCHARGE

      10.01.  Discharge.  On the confirmation date of this Plan, the debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt (i) imposed by this Plan; (ii) of a kind specified in § 1141(d)(6)(A) of the Code, if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure, or (iii) of a kind specified in § 1141(d)(6)(B) of the Code.

## ARTICLE XI
## RETENTION OF JURISDICTION

      11.01   Jurisdiction.  The Court shall retain such jurisdiction with respect to all matters related to this bankruptcy case, the Debtor and this Plan as is legally permissible.

## ARTICLE XII
## OTHER PROVISIONS

      12.01   Exculpation.  The Exculpated Parties shall neither have nor incur any liability to any entity for any claims or causes of action arising on or after the petition date and prior to or on the Effective Date for any act taken or omitted to be taken in connection with, or related to formulating, negotiating, preparing, disseminating, implementing, administering, confirming or effecting the consummation of this Plan, the Disclosure Statement or any sale, contract, instrument, release or other agreement or document created or entered into in connection with this Plan or any other prepetition or post-petition act taken or omitted to be taken in connection with or in contemplation of the restructuring of the Debtor, the approval of the Disclosure Statement, confirmation or consummation of this Plan; *provided however,* that the foregoing provisions shall have no effect on the liability of any Entity that results from any such act or omission that is determined in a final order of the Bankruptcy Court or other court of competent jurisdiction to have constituted gross negligence or willful misconduct; *provided further*, that each Exculpated Party shall be entitled to rely upon the advice of counsel concerning its duties pursuant to, or in connection with, the above referenced documents, actions or inactions; *provided further however,* that the foregoing provisions shall not apply to any acts, omissions, claims, causes of action or other obligations expressly set forth in and preserved by this Plan.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

*[SIGNATURE PAGE FOLLOWS]*

10692721.4

B25A (Official Form 25A) (12/08) - Cont.                                                                9

                                                    Respectfully submitted,

Dated: May 25, 2010                                 By: _____
                                                    Stephen Eich, Executive Director of the Debtor
                                                    Proponent of this Plan


Dated: May 25, 2010                                 By: _____
                                                    Thomas B. Walper
                                                    Attorney for the Proponent of this Plan




10692721.4

B25A (Official Form 25A) (12/08) - Cont.                                                              9

                                                  Respectfully submitted,

Dated: May 25, 2010                  By:_____
                                           Stephen Eich, Executive Director of the Debtor
                                           Proponent of this Plan

Dated: May 25, 2010                  By:_____
                                           Thomas B. Walper
                                           Attorney for the Proponent of this Plan

10692721.4