Thomas B. Walper (CA Bar No. 096667)
Bernard A. Eskandari (CA Bar No. 244395)
M. Lance Jasper (CA Bar No. 244516)
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, California 90071-1560
Telephone:     (213) 452-5593
Facsimile:     (213) 687-3702
Email:         thomas.walper@mto.com
               bernard.eskandari@mto.com
               lance.jasper@mto.com

Proposed *Pro Bono* Bankruptcy Counsel for Debtor and
Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:10-bk-28586-TD |
| **THE PASADENA PLAYHOUSE STATE THEATRE OF CALIFORNIA, INC.,** | Chapter 11 |
| Debtor and Debtor-in-Possession | **SMALL BUSINESS CASE UNDER FRBP 1020** |
| | **DECLARATION OF STEPHEN EICH IN RESPONSE TO EDGERTON FOUNDATION'S OBJECTION AND IN SUPPORT OF CONFIRMATION OF DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION** |
| | <u>Plan Confirmation Hearing</u> |
| | Date:     July 7, 2010 |
| | Time:     3:00 p.m. |
| | Place     Courtroom 1352 |
| |           255 East Temple Street |
| |           Los Angeles, California 90012 |

I, Stephen Eich, declare as follows:

1.   I am the Executive Director of The Pasadena Playhouse State Theatre of California,

Inc., the above-captioned debtor and debtor-in-possession (the "Playhouse" or "Debtor").  In this

11094170.2

1  capacity, I am generally familiar with the day-to-day operations, business, and financial affairs of

2  the Debtor, and with much of the Playhouse's history.  All facts set forth in this Declaration are

3  based on my personal knowledge, information supplied to me by employees of the Debtor, upon

4  my review of the Debtor's books and records, or upon my opinion based on my experience and

5  knowledge.  If I were called to testify thereto, I could and would competently do so.

6      2.   I submit this declaration in response to *Edgerton Foundation's Objection to Proposed*

7  *Disclosure Statement and to Confirmation of Proposed Plan of Reorganization* [Docket No. 84]

8  (the "Objection") and in support of confirmation of the Debtor's *Second Amended Plan of*

9  *Reorganization* [Docket No. 58] (the "Plan") and final approval of *Disclosure Statement on*

10  *Second Amended Plan of Reorganization* [Docket No. 59] (the "Disclosure Statement").

11      3.   On July 2, 2010, through counsel, the Edgerton Foundation filed their objection to

12  confirmation of the Plan and final approval of the Disclosure Statement.  The Objection requests

13  that the Plan not be confirmed and the Disclosure Statement not be approved until the Edgerton

14  Foundation receives additional information regarding its donation—specifically, until the Debtor

15  (1) "has more specifically accounted for the Foundation's restricted funds," and (2) "provided

16  more specific detail regarding footnote 3" of Exhibit E to the Disclosure Statement[1] (the

17  "Liquidation Analysis").  (Objection at 3.)

18      4.   In point of clarification, in response to the Edgerton Foundation's concerns, the

19  referenced information was provided informally to counsel during a conference call on June 30,

20  2010.  In addition, the Objection implies that the Playhouse did not give the Edgerton Foundation

21  notice of the bankruptcy or confirmation, which we assure the Court is not the case.  The

22  Objection states that the Edgerton Foundation "did not learn of the Playhouse bankruptcy filing

23  until approximately mid-June 2010" and that it "was not listed as a creditor . . . ."  (Objection at

24  2.)  The Edgerton Foundation was served with the *Notice of Chapter 11 Bankruptcy Case,*

25  *Meeting of Creditors, & Deadlines* [Docket No. 47], the Plan, the Disclosure Statement, a notice

26

27  [1] The Objection refers to Exhibit E of the Plan, which does not exist.  (Objection at 2.)  It is clear that the Edgerton Foundation meant to refer to the Disclosure Statement, whose Exhibit E is the Liquidation Analysis.

28

- 2 -

of deadline for filing proofs of claim, and an official proof of claim form, among other relevant documents. *See Proof of Service* [Docket No. 63] ("Edgerton Foundation" appearing on page 83 of 246 as a party served by U.S. Mail).

5. With regard to the Edgerton Foundation's $75,000 donation, the Playhouse was no longer in possession of those funds when it filed this bankruptcy case on May 10, 2010. In August 2009, the Playhouse received a check from the Edgerton Foundation in the amount of $75,000 (the "Edgerton funds"). On August 20, 2009, the Edgerton Funds were deposited into the Playhouse general operating bank account. On that same day, the Edgerton Funds were used to reduce the balance of the Playhouse's line of credit. After that point, the Playhouse general operating bank account had a zero balance at one or more points in the period before commencing this bankruptcy case.

6. With regard to footnote 3 of the Liquidation Analysis, the Edgerton Foundation seeks a more-specific accounting of the "approximately $90,000 in cash subject to 'restricted-use' limitations." The Edgerton Funds are not included in that $90,000. Rather, the $90,000 is made up of two restricted-use donations, entirely unrelated to the Edgerton Foundation, which have been segregated: (1) approximately $79,000 in connection with the "Next Stage Campaign," which supports maintenance of the Playhouse theater, and (2) approximately $11,000, which supports a Playhouse mentorship program. At no time after August 20, 2009, were additional funds deposited into these restricted-use, segregated accounts.

/ / /

11094170.2

1    7.  The Plan provides that upon confirmation, all restricted funds will revest in the

2    reorganized Playhouse subject to the same restrictions with which they were donated.

3

4    I declare under penalty of perjury that the foregoing is true and correct to the best of my

5    knowledge.  Executed this July 6, 2010, at Los Angeles, California.

6

7

8                                                        Stephen Eich

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11094170.2

| In re:<br>  THE PASADENA PLAYHOUSE STATE THEATRE OF CALIFORNIA, INC.<br><div align="right">Debtor(s).</div> | CHAPTER 11<br><br>CASE NUMBER: 2:10-bk-28586-TD |
| --- | --- |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 355 S. Grand Ave., Los Angeles, CA 90071.

A true and correct copy of the following document:

 (i)     *DECLARATION OF STEPHEN EICH IN RESPONSE TO EDGERTON FOUNDATION'S OBJECTION AND IN SUPPORT OF CONFIRMATION OF DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION*

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On June 24, 2010, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

 Lance Jasper     lance.jasper@mto.com
 Jeffrey A Krieger     jkrieger@ggfirm.com
 Dare Law     dare.law@usdoj.gov
 Steven G Polard     spolard@perkinscoie.com
 Damon G Saltzburg     ds@srblaw.com, cs@srblaw.com
 United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On June 24, 2010, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

N/A

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on June 24, 2010, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

| Personal Delivery | Email Delivery |
| --- | --- |
| Chambers of the Honorable Thomas B. Donovan | Chambers of the Honorable Thomas B. Donovan |
| United States Bankruptcy Court | christopher_stiner@cacb.uscourts.gov |
| 255 E. Temple Street, Suite 1352 | |
| Los Angeles, CA 90012 | |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 6, 2010 | Bernard A. Eskandari | /s/ Bernard A. Eskandari |
| --- | --- | --- |
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                    **F 9013-3.1**